## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK SEALS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 04-5557** |
| | : | |
| **ROZEM, et al.** | : | |

### MEMORANDUM AND ORDER

**Kauffman, J.**                                                                 **March   6, 2006**

Now before the Court is the pro se Petition of Derrick Seals ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania.  For the reasons that follow, the Petition will be denied.

## I. PROCEDURAL HISTORY

On November 7, 2000, following a bench trial before the Honorable Steven R. Geroff of the Court of Common Pleas of Philadelphia, Petitioner was convicted of third-degree murder and possession of an instrument of crime.  Judge Geroff then sentenced Petitioner to a term 90 to 180 months imprisonment.  As set forth by the Superior Court on direct appeal, the general facts underlying the conviction are as follows:

> On the evening of December 21, 1999, Appellant entered a delicatessen occupied by the victim.  Upon entering the store, Appellant and the victim began to argue.  The victim struck Appellant, and both men moved the fight outside.
> The two men fought for several minutes before Appellant walked across the street and returned with a three-foot long wooden board.  He proceeded to hit the victim numerous times on the back with the board, until the victim fell to the ground.  While the victim was on the ground, Appellant continued to strike him with the wooden board over the head.  When Appellant stopped hitting the victim, the victim was dead and bleeding heavily from the head.
> At trial, the medical examiner testified that the victim had been beaten to death with a blunt object and estimated that the victim was struck between ten and twenty times, with some of the wounds being inflicted while the victim was lying

on the ground.

Commonwealth v. Seals, 835 A.2d 837 (Pa. Super. Ct. 2003) (table).

Petitioner initially failed to file a direct appeal.  Realizing this, he filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq. requesting that his appellate rights be reinstated.  On March 22, 2002, the PCRA court granted his request and Petitioner promptly appealed to the Superior Court.  On appeal, he raised the following: (1) ineffective assistance of trial counsel for failing to call a witness; (2) insufficient evidence to support the conviction for third-degree murder; and (3) the verdict was not supported by the weight of the evidence.  On September 3, 2003, the Superior Court affirmed the conviction and sentence.  Petitioner then sought allowance to appeal to the Supreme Court of Pennsylvania, which was denied on April 21, 2004.

Without seeking additional PCRA review, Petitioner filed the instant petition with this Court on November 20, 2004.  He asserts the following:

1.    The evidence supporting his conviction should have been suppressed as the fruit of an unlawful arrest;

2.    The conviction was based on evidence obtained in violation of his privilege against self-incrimination;

3.    The Commonwealth failed to produce exculpatory evidence; and

4.    Trial counsel was ineffective for failing to introduce evidence.

This Court designated United States Magistrate Judge Dianne M. Welsh to submit a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). Because Petitioner has objected to the Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  Having reviewed the Report and Recommendation and Petitioner's Objections

thereto, the Court will approve and adopt the Report and Recommendation.[1]

## II. EXHAUSTION AND PROCEDURAL DEFAULT

28 U.S.C. § 2254 limits habeas relief to those petitioners who have first "exhausted the remedies available in the courts of the States."  28 U.S.C. § 2254(b)(1)(a).  A petitioner has exhausted his state remedies only when all avenues for review of his claim in state court have been foreclosed.  28 U.S.C. § 2254(c).  Here, Petitioner sought to overturn his conviction on direct appeal.  Once the direct appeal process had concluded, PRCA review was the one remaining option for challenging his conviction at the state level.  PCRA review, however, is now time-barred.  Under the PCRA, all petitions for relief must be filed within one year of the date when the petitioner's criminal judgment became final.  42 Pa. C.S.A. § 9545(b)(1).  A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa. C.S.A. §9545(b)(3).  The Pennsylvania Supreme Court denied allocatur on April 21, 2004.  From that date, Petitioner had 90 days to seek leave to appeal to the United States Supreme Court.  See U.S. Sup. Ct. R. 13(1).  However, he failed to do so.  Thus, for purposes of the PCRA statute of limitations, Petitioner's criminal judgment became final on July 20, 2004, giving him until July 20, 2005 to file a PCRA petition.  Now that that deadline has passed, Petitioner is time-barred from seeking further review at the state level.  Accordingly, the Court finds that his claims have been exhausted.  28 U.S.C. § 2254(c).

However, the habeas court must "ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts[.]" O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (emphasis in original).  A petitioner "properly exhausts" his state court remedies

---

[1]        Magistrate Judge Welsh recommended that the petition be denied on exhaustion grounds and that the denial be without prejudice, since the time period for raising Petitioner's claims in the PCRA court had not then expired.

only when he gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Id. at 845.  This requirement affords the state system a chance to fully review the merits of the petitioner's claim that his conviction was constitutionally defective before he can present that claim to federal courts.  Id.

When the state courts deny a petitioner's claims on procedural rather than substantive grounds, there has not been full opportunity to resolve the petitioner's claims on the merits. Exhaustion in such a case is therefore improper, and the petitioner's failure to comply with state procedural requirements constitutes a procedural default, which acts as a bar against federal habeas relief.  Bronshstein v. Horn, 404 F.3d 700, 707 (3d Cir. 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)) ("The procedural default doctrine precludes a federal habeas court from 'reviewing a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'").

The four constitutional issues Petitioner now raises have all been procedurally defaulted.  The first three were never raised at the state level.  While Petitioner did raise his fourth claim on direct appeal, the Superior Court declined to consider it on the merits.  Citing Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002), the Superior Court found that under Pennsylvania law, Petitioner's Sixth Amendment claim was not yet ripe and that the proper place to raise it was on PCRA review.  Petitioner, however, failed to seek PCRA review of his ineffectiveness claim.

Thus, Petitioner did not afford Pennsylvania courts the opportunity to consider the merits of any of the four claims he now raises before this Court.  Because he is procedurally foreclosed from doing so now that the state-law statute of limitations for seeking PCRA review has run, those claims are procedurally defaulted.  See Bronshtein, 404 F.3d at 728 ("Although Bronshtein has never properly exhausted the claims at issue, he is now 'clearly foreclosed' from doing so by the PCRA time limit ... and these claims are therefore

-4-

procedurally defaulted.").

The bar against reviewing habeas claims that have been procedurally defaulted has two exceptions: a federal habeas court may review such claims when the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," Coleman, 501 U.S. 750, neither of which apply here.

"The first step in establishing cause and prejudice is to establish cause, i.e., 'some objective factor external to the defense [that] impeded [petitioner's] efforts to comply with the State's procedural rule.'" Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Here, nothing impeded Petitioner from seeking PCRA review.  To the contrary, both the Superior Court and Magistrate Judge Welsh explicitly urged him to file a PCRA petition.[2]

Nor has Petitioner established that a failure to excuse his procedural default would result in a fundamental miscarriage of justice.  The miscarriage of justice exception "applies only to the case where the miscarriage is tied to the petitioner's actual innocence." Johnson v. Pinchak, 392 F.3d 551, 564 (3d Cir. 2004).  To establish the requisite probability of actual innocence, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schulp v. Delo, 513 U.S. 298, 327 (1995).  Petitioner has clearly failed to meet that burden

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's claims have been procedurally defaulted.  Because he has failed to establish an excuse for that default or a fundamental miscarriage of justice, the petition will be denied.  An appropriate order follows.

---

[2]     Magistrate Judge Welsh advised that "[i]f the petitioner wishes to have this court consider his habeas claims, he will first have to file a timely PCRA petition." Seals v. Rozem, No. 04-5557 (E.D. Pa. June 7, 2005).  At that time, the PCRA statute of limitations had not expired.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK SEALS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 04-5557** |
| | : | |
| **ROZEM, et al.** | : | |

## ORDER

**AND NOW**, this   6th    day of March, 2006, upon consideration of the Report and Recommendation of United States Magistrate Judge Dianne M. Welsh (docket no. 7) and Petitioner's Objections thereto and after de novo review of the pleadings and record in this case, it is **ORDERED** that:

1.      The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.      The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is

      **DENIED** and **DISMISSED WITH PREJUDICE**;

3.      Because there is no probable cause to issue a certificate of appealability, no

      certificate of appealability shall issue.

**BY THE COURT:**

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN,  J.**